# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

# CIVIL DIVISION

| | | |
|---|---|---|
| Stephen Corey James, | ) | Case No. _____ |
|     Plaintiff | ) | |
| | ) | Hon. _____Judge Presiding |
| v. | ) | |
| | ) | |
| Sutliff Saturn, Inc., | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| | ) | |
|     Defendant | ) | |

## COMPLAINT

THE PLAINTIFF, Stephen Corey James, ("Plaintiff"), by and through his attorney, Lisa Jo Fanelli-Greer, Esquire, for his complaint against the Defendant, Sutliff Saturn, Inc., Defendant, states the following:

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

## JURISDICTION AND VENUE

This action for damages is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§2000e *et seq* and the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.* ("the ADA").[1] This Court has jurisdiction of such matters under 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §§1331 and 1343(a)(4). Venue is proper in this judicial district under 28 U.S.C.A. §1391(b)[2] as all the acts complained of occurred in the Middle District of Pennsylvania, and at all relevant times, Defendant was doing business in the Middle District of Pennsylvania.

## PARTIES

1. Plaintiff is an African American citizen of the United States, race, black, and a resident of Dauphin County, Pennsylvania.

2. Plaintiff is an individual residing in the Middle District of Pennsylvania, and at all relevant times worked for Defendant, Sutliff Saturn, Inc. Plaintiff is, and at all relevant times was, an "individual with a disability" within the meaning of the ADA in that he has derangement of the lateral meniscus, and degenerative

---

[1] 42 U.S.C.A. § 12101 et seq.

[2] 28 U.S.C.A. § 1391(b).

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

joint disease. Plaintiff is, and at all relevant times was, "regarded as" an individual with a disability" within the meaning of the ADA due to his derangement of the lateral meniscus, and degenerative joint disease.

3. Defendant Sutliff Saturn, Inc., is a Pennsylvania business corporation doing business in Cumberland and Dauphin counties, also Lancaster County, employing more than twenty (20) employees, and was at all relevant times an "employer" within the meaning of the ADA.

4. Defendant Sutliff Saturn, Inc. is a Pennsylvania corporation doing business in the Middle District of Pennsylvania and is subject to the jurisdiction of this Court. Defendant is an employer within the meaning of 42 U.S.C. §2000e-(b).

## PROCEDURAL REQUIREMENTS

5. On or about March 13, 2006, Plaintiff filed a Charge of Discrimination against Defendant with the Pennsylvania Human Relations Commission, and he dual-filed his charge with the Equal

3

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C.A. § 2000e-5(b) and (e).[3]

6. Plaintiff's Charge of Discrimination was timely filed within 180 days and/or within 300 days after the alleged unlawful employment practice occurred. On or about March 5, 2009, the EEOC issued Plaintiff his Notice of Right To Sue with respect to such Charge of Discrimination and this Complaint has been filed within ninety (90) days after Plaintiff's receipt of his Notice of Right To Sue. A true copy of Plaintiff's Notice of Right To Sue is attached and incorporated as Exhibit A.

## COUNT I – VIOLATION UNDER TITLE VII – RACE DISCRIMINATION

7. Plaintiff was hired by Defendant Sutliff Saturn, Inc. as an appearance technician on or about September 13, 1999.

8. Plaintiff is a member of protected class, race, black, African-American.

---

[3] 42 U.S.C..A. § 2000e-5(b), (e).

4

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

9. Plaintiff, during the course of his employment worked at the Carlisle Pike location at Saturn of Carlisle Pike, 6643 Carlisle Pike, Mechanicsburg, Pennsylvania 17050.

10. Plaintiff also during the course of his employment worked at the Harrisburg location at Saturn of Harrisburg, 1301 Paxton Street, Harrisburg, Pennsylvania 17104.

11. Plaintiff worked at the Carlisle Pike location for approximately five (5) years.

12. While working at the Carlisle Pike location, Plaintiff was the only African-American employee there.

13. Plaintiff worked at the Harrisburg location for approximately one (1) year.

14. While working at the Harrisburg location Plaintiff was one of four African-American employees at that location.

15. Due to his disabilities Plaintiff was on an approved medical leave of absence for knee surgery during the period of November 7, 2005, through March 7, 2006.

16. On March 7, 2006, Plaintiff returned back to work from his medical leave of absence with limited restrictions.

5

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

17. Upon his return from medical leave of absence, on March 7, 2006, Plaintiff was discharged by John Saum, Defendant's General Sales Manager, and he was informed by Mr. Saum that his position was being eliminated.

18. Mr. John Saum is race, white, Caucasian.

19. Mr. John Saum was hired in approximately November of 2005, during Plaintiff's leave of absence.

20. Plaintiff was qualified for his position as an appearance technician in that he had performed the job for over six (6) years.

21. As of March 13, 2006, Plaintiff was able to resume all of his normal duties with no restrictions, of which Plaintiff had made Defendant fully aware.

22. Mr. John Sulver, race, white, Caucasian, was hired by Defendant as a full-time appearance technician, in approximately February 2006.

23. John Sulver, race, white, Caucasian, appearance technician, had only approximately one (1) month of experience at the time that Plaintiff was discharged and/or alleged job elimination.

24. Gordon, last name unknown, race, white, Caucasian, was hired by Defendant part-time, as an appearance technician, and he had only

6

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

approximately one (1) year of experience at the time of Plaintiff's discharge and/or alleged job elimination.

25. At the time of Plaintiff's discharge and/or alleged job elimination John Sulver and Gordon continued to work as appearance technicians.

26. To the best of Plaintiff's knowledge, Plaintiff's duties were being performed by Mr. John Sulver, race, white, Caucasian.

27. Ms. Nancy Michaels worked for Defendant as an Administrative Assistant.

28. Ms. Michaels is race, white, Caucasian.

29. Ms. Michaels, race, white, Caucasian, had taken a six month medical leave of absence during the course of hers and Plaintiff's employment with Defendant.

30. When Ms. Michaels, race, white, Caucasian, was released to return to work, her position was not eliminated, and to the best of Plaintiff's knowledge she may still be working for the Defendant.

31. Defendant Sutliff Saturn, Inc. has a equal employment opportunity policy which prohibits discrimination on the basis of race, color, religion, national origin, age, disability, veteran status, or any other status as projected by applicable law.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

32. Others not of Plaintiff's protected class, race, black, African-American, John Sulver, and Gordon, race, white, Caucasian, were treated more favorably than Plaintiff.

33. Plaintiff, as a result of the aforementioned acts of discrimination, Plaintiff suffered a loss of income.

34. At the time that Plaintiff was discharged from his employment he was making approximately $11.50 per hour regular time, and $17.00 per hour overtime.

35. As a result of the aforementioned acts of discrimination, Plaintiff suffered emotional harm and harm to his reputation.

36. Defendants' acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights and warrants the imposition of punitive damages.

37. The foregoing actions of Defendants discriminated against Plaintiff because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

Case 3:09-cv-01081-WWC Document 1 Filed 06/06/09 Page 8 of 16

8

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

## **COUNT II – DISABILITY DISCRIMINATION UNDER THE ADA**

38.     Plaintiff restates and incorporates by reference Paragraphs 1-37 of this complaint and states further:

39.     Plaintiff is a qualified individual with a disability within the meaning of the ADA in that he has disabilities known as derangement of the lateral meniscus and degenerative joint disease, which substantially limits at least one of his major life activities.

40.     That Plaintiff has a record or is regarded as having such a disability within the meaning of the ADA.

41.     At all relevant times, the ADA expressly prohibited Defendant from limiting, segregating, or classifying Plaintiff in any way which effect his job opportunities or status with Defendant because of his impairments, and utilizing standards, criteria, or methods of administration that have the effect of discrimination or that would perpetuate discrimination against Plaintiff.

42.     In violation of the ADA, Defendant:

(a)     Improperly considered Plaintiff on the basis of his disability with respect to his position, thereby utilizing standards and criteria which discriminated against Plaintiff;

9

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

(b) Willfully and wantonly discriminated against Plaintiff in discharging him from his job in violation of the letter and spirit of the ADA.

43. Defendant's reasons for discharging Plaintiff were due to Plaintiff's disability, or perceived disability, and Defendant's stated reasons for Plaintiff's discharge were merely pretextual.

44. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, bonuses, and other employment benefits. Plaintiff has also suffered emotional distress and loss of reputation in the community.

45. The disability basis was not in the original charge filed with the Pennsylvania Human Relations Commission, under the PHRA. Plaintiff's counsel on September 2, 2006, Lisa Jo Fanelli-Greer, Esquire, requested that an amendment to the complaint be filed to include an additional count, Count II, Perceived Disability, Disability Discrimination. *See* Exhibit B, Plaintiff's Counsel's Letter to Randall R. Smedley, Dated September 2, 2006, Received by the PHRC on September 6, 2006.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

46. On November 3, 2006, Randall R. Smedley, Human Relations Representative sent a letter to Plaintiff's counsel acknowledging Plaintiff's counsel's request that a disability complaint be added to this complaint. He then requested that Plaintiff fill out an Intake Question Summary and return to him. *See* Exhibit C, letter from Randall R. Smedly, Human Relations Representative, to Plaintiff's Counsel, dated November 3, 2006.

47. Plantiff's counsel then sent a letter to Randall R. Smedley, Human Relations Representative, which was hand-delivered to and received by the PHRC on December 22, 2006, in which the answers to the Intake Question Summary were given and which an amendment to the complaint was requested to be processed. *See* Exhibit D.

48. Plaintiff and Plaintiff's counsel believed that the amendment had been or was being processed by the PHRC, according to Mr. Smedley, Human Relations Representative.

49. Mr. Smedley retired from the PHRC, and the amendment was unfortunately never processed, according to William Smithey, now Assistant to the Director of Compliance, for the PHRC., due to no fault of Plaintiff or Plaintiff's counsel. Plaintiff's counsel was recently made aware of this in early June 2009 by Mr. Smithey prior to the filing of this

11

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

Complaint. The PHRC also closed Plaintiff's case sometime in September of 2008, and the closure letters were never received either by Plaintiff or by Plaintiff's counsel. Neither Plaintiff's counsel nor Defendant's counsel were copied on the Findings of the Investigation. Plaintiff never received the Findings of the Investigation either. *See* Exhibit E, Letter Dated September 16, 2008, from Dwan Lee, Human Relations Representative.

50. The PHRA's definition of "disability" is substantially identical to the definition of "disability" under the ADA. *See* 42 U.S.C.A. §12102 (2) Definitions and 29 C.F.R. §1630.2(g) (Definitions) with 43 P.S. §954 (1)-(3)(Definitions).

51. The ADA and the PHRA both provide that a person is an individual with a disability if he has a physical or mental impairment that substantially limits one or more major life activities, a record of impairment, or is regarded as having such impairment. *See* 42 U.S.C. §12102 (2) and 43 P.S. §954 (p).

52. Plaintiff is a person with "a physical or mental impairment which substantially limits one or more of such person's major life activities" within the meaning of the PHRA.

[Create PDF](http://www.novapdf.com) files without this message by purchasing novaPDF printer (http://www.novapdf.com)

53. Plaintiff is a person who has "a record of having such impairment" within the meaning of the PHRA.

54. Plaintiff is a person "being regarded as having such an impairment," within the meaning of the PHRA.

55. Plaintiff was discriminated against by Defendant in that Plaintiff was discharged from his employment due to his disabilities, derangement of lateral meniscus and degenerative joint disease, and/or perceived disabilities upon his return from an approved medical leave of absence for knee surgery on March 7, 2006.

56. Defendant's stated reasons for discharging Plaintiff were pretextual.

## Count III

## Violation Under the PHRA

57. Plaintiff restates and incorporates by reference Paragraphs 1-56 of this Complaint and states further:

58. Plaintiff initially filed his complaint of discrimination with the Pennsylvania Human Relations Commission, PHRC, preserving his rights under the Pennsylvania Human Relations Act , PHRA, 43 P.S. §§951, et seq.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

59. The PHRA provides that it is an unlawful discriminatory practice . . . "for any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required. . . . " 43 P. S. §955(a).

60. Plaintiff is an "individual" within the meaning of the PHRA.

61. Defendant employed four or more individuals during Plaintiff's employment.

62. Plaintiff was discriminated against by Defendant in that Plaintiff was discriminated and discharged due to his race, black, African-American, disability, and perceived disability in violation of Section 5(a) of the PHRA, 43 P.S. §955(a).

63. Defendants' stated reasons for their actions are pretextual.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

WHEREFORE, Plaintiff, Stephen Corey James, prays that this Court grant him the following relief:

 (a) To award him under Title VII all the pay and fringe benefits he has lost as a result of Defendant's unlawful discrimination against him;

 (b) To award him, under Title VII, compensatory and punitive damages;

 (c) Award Plaintiff Stephen Corey James the costs of litigation, including witness fees and reasonable attorneys' fees pursuant to 42 U.S.C.A. §2000e-5(k);[4] and

 (d) Award Plaintiff all available remedies under the PHRA;

 (e) Enjoin Defendant from engaging in any discriminatory practices against employees within protected classes, race, black, and disability;

---

[4] 42 USCA §2000e-5(k).

15

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

(f) Grant Plaintiff such further and additional relief as this Court deems just and proper.

Respectfully submitted,

s/ Lisa Jo Fanelli-Greer
Lisa Jo Fanelli-Greer
Law Office of Lisa Jo Fanelli-Greer
Attorney I.D. No. PA 56704
P. O. Box C
2806 Sunset Court
Grantham, PA 17027
(717) 790-0744 (tele)
(717) 790-0233 (fax)
lisajogreer@aol.com (e-mail)

DATED: June 6, 2009

16

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)