UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN COREY JAMES, :
    Plaintiff :
:
vs. : CIVIL NO. 1:09-CV-1081
:
:
SUTLIFF SATURN, INC., :
    Defendant :
:
:
:
:

*M E M O R A N D U M*

*I.*    *Introduction*

On June 6, 2009, Plaintiff, Stephen Corey James, filed an employment discrimination action against Defendant, Sutliff Saturn, Inc., alleging race and disability discrimination. We granted Defendant's motion for summary judgment on November 24, 2010. The Third Circuit Court of Appeals affirmed the grant of summary judgment on the race discrimination claim, but vacated the grant of summary judgment on the disability discrimination claim. The Court disagreed with our conclusion that Plaintiff failed to properly bring his disability claim before the Pennsylvania Human Relations Commission ("PHRC"), and remanded the case for determination of the summary judgment motion on that claim.

*II.*     *Background*

James began working at Sutliff's Carlisle Pike facility on September 13, 1999 as an appearance technician. (Doc. 21, ¶¶ 2-4). Plaintiff was disciplined on three occasions. The first incident involved Plaintiff's use of Sutliff materials to detail a friend's vehicle. (Id. at ¶ 5). The second and third incidents involved Plaintiff's failure to maintain the prep shop area in a clean, presentable manner. (Id. at ¶¶ 6-7, 10). As a result of these incidences, Sutliff transferred Plaintiff to its Harrisburg, Pennsylvania facility.

On November 7, 2005, Plaintiff underwent knee surgery to correct meniscus and cartilage damage. (Id. at ¶ 12); *see also* doc. 28, Ex. A at pg. 20-21. As a result of this surgery, Sutliff granted Plaintiff twelve weeks of Family Medical Leave Act ("FMLA") leave, which expired on February 1, 2006. (Id. at ¶¶ 13-14). After expiration of the FMLA leave, Sutliff granted Plaintiff an additional leave of absence. (Id. at ¶ 15); *see also* doc. 28, Ex. A at 72-73.

Prior to his leave, Plaintiff was the only full-time appearance technician at Sutliff's Harrisburg facility. (Doc. 28, Ex. A at 67.) As a result of his leave, Sutliff promoted another employee to replace Plaintiff while he was recuperating. (Doc. 20, Ex. E.) However, Plaintiff's replacement resigned on February 2, 2006. Id. Sutliff promoted another employee, James Sulzer, to fill the vacant position until such time as James could return to work. Id. However, when Plaintiff returned to work on March 7, 2006, Sutliff terminated his employment allegedly because Sulzer was performing well and

there was not enough work to support two positions. (Doc. 21, ¶¶ 21, 22, 24, 32-33). Plaintiff alleges that he was terminated as a result of disability discrimination.

*III.*		*Discussion*

    *A. Standard of Review*

We will examine the motion under the well-established standard.  Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008).  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party, and may affirm a grant of summary judgment only if no reasonable juror could find for the non-movant." Id.

    *B. ADA and PHRA Claim*[1]

The Americans with Disabilities Act ("ADA") prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

To make out a prima facie case of disability discrimination, Plaintiff must show that he "(1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an

---

[1] We note that the Pennsylvania Human Relations Act ("PHRA") and the ADA are "basically the same." Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002) "'Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts.'" Id. (quoting Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996)); see also Williams v. Philadelphia Hous. Auth. Police Dep't, 380 F.3d 751, 761 n.6 (3d Cir. 2004) (the analysis of an ADA claim applies equally to a PHRA claim).  Thus, our analysis of an ADA claim applies to the PHRA claim.

adverse employment action because of that disability." Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006). ADA disparate treatment claims are analyzed under the burden-shifting framework of McDonnell Douglas Corp. Shaner v. Synthes, 204 F.3d 494, 500 (2000). If the plaintiff is able to demonstrate a *prima facie* case, the burden of production shifts to the defendant to identify a legitimate non-discriminatory reason for the adverse employment action. McDonnell Douglas at 802. If a defendant meets this requirement, the burden shifts back to the plaintiff to show that the legitimate non-discriminatory reason articulated by the defendant is a pretext for discrimination. Id. at 804.

*1. Whether Plaintiff Has a Disability Under the ADA*

Defendant contends that Plaintiff does not have a disability. Since the events giving rise to this claim occurred in 2006, we will use the definitions and provisions provided by the ADA in effect at that time.[2] In 2006, the ADA defined the term "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

---

[2] In September 2008, Congress enacted legislation that amended the definition of "disability" under the ADA. ADA Amendments Act of 2008, Pub. L. No. 110-325 § 4,122 Stat. 3553 (2008). Since the events giving rise to the instant suit occurred prior to the effective date of this legislation, we will apply the pre-amendment definition. See Amorosi v. Molino, 2009 WL 737338, *4 (E.D. Pa 2009) (explaining the amendments do not apply retroactively); Britting v. Sec'y VA, 409 Fed. Appx. 566, 569 (3d Cir. 2011) ("the ADAAA is not retroactively applicable.").

42 U.S.C. § 12102(2) (1990).  In determining whether an individual has an "impairment that substantially limits one or more of the major life activities," the first step is to identify the major life activity that Plaintiff alleges his impairment substantially limits.  <u>Taylor v. Phoenixville Sch. Dist.</u>, 184 F.3d 296, 307 (3d Cir. 1998).  Once identified, factors to be considered include: the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long-term impact of the impairment. <u>Id.</u> (applying 29 C.F.R. § 1630.2(j)).  In <u>Toyota v. Williams</u>, the Supreme Court explained that a plaintiff must offer evidence regarding the extent of the limitation of a major life activity, not merely submitting a diagnosis of an impairment.  534 U.S. 184, 198, 151 L. Ed. 2d 615, 122 S. Ct. 681 (2002).

   Plaintiff's Complaint alleges that he has an impairment, derangement of the lateral meniscus and degenerative joint disease.  (Doc. 1, ¶ 39).  Both parties agree that Plaintiff took leave pursuant to the Family and Medical Leave Act in order to have knee surgery to correct meniscus and cartilage damage in his right knee.  (Doc. 21, ¶ 12).  To the extent this is an impairment, Plaintiff fails to identify any major life activity that is substantially limited by it.  Plaintiff's deposition testimony explains that he was having "minor problems" with his knee in October 2005, which led him to visit his doctor.  (Doc. 20, at 5).

   Plaintiff's testimony shows that his impairment did not substantially limit any major life activity.  Specifically, James stated:

>Q. What major life conditions do you contend that your knee surgery prohibited you from doing?
>
>A. Prior to [the surgery] or afterwards?
>
>Q. At any time.
>
>A. It doesn't prohibit me from doing anything.

(Doc. 28, Ex. A at 21-22).

Plaintiff was able to return to work on March 7, 2006 with limited restrictions, and by March 13, 2006, he was able to work without any restrictions. (Doc. 1, ¶¶ 16, 21). Plaintiff argues that "he has a permanent and lifelong condition affecting his musculoskeletal system." (Doc. 27, at 22). This assertion does not overcome Plaintiff's failure to specify any major life activity that is substantially limited. Thus, we find that Plaintiff does not have a disability within the meaning of the ADA.

### 2. *Whether Defendant Regarded Plaintiff as Having a Disability*

Plaintiff argues that even if he does not have a disability, he is still entitled to the protection of the ADA because management at Sutliff perceived him as having a disability. To be "perceived" as disabled means that a defendant "mistakenly believed that [the plaintiff has] a physical impairment that substantially limits one or more major life activities or mistakenly believed that an actual non-limiting impairment substantially limits one or more major life activities." Wilson v. MVM, Inc., 475 F.3d 166, 179 (3d Cir. 2007).

There is no dispute that management knew Plaintiff was on medical leave. Plaintiff, however, does not provide evidence to suggest that anyone employed at Sutliff Saturn believed his knee problem prevented him from engaging in any major life activities. All employees involved with the decision to terminate Plaintiff believed the November 2005 surgery corrected the problem. (Doc. 21, ¶ 23). Further, Plaintiff provided his supervisor at Sutliff with a note from his physician indicating that he could return to work on March 13, 2006 *with no restrictions*. (Doc. 28, Ex. A at 71). Plaintiff has failed to provide any evidence that Defendant mistakenly believed he was impaired within the meaning of the statute. For these reasons, Plaintiff's disability discrimination claim must fail.

*IV.*     *Conclusion*

Plaintiff has not provided evidence to support a disability discrimination claim and Defendant's motion for summary judgment will be granted.

We will issue an appropriate Order.

> /s/William W. Caldwell
> William W. Caldwell
> United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN COREY JAMES,  :
    Plaintiff  :
  :
vs.  :  CIVIL NO. 1:09-CV-1081
  :
SUTLIFF SATURN, INC.,  :
    Defendant  :
  :

*O R D E R*

AND NOW, this 23rd day of April, 2012, upon consideration of Defendant's motion for summary judgment (doc. 19), filed August 20, 2010, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's motion for summary judgment is granted.

    2. The Clerk of Court shall enter judgment in favor of Defendant Sutliff Saturn, Inc. and against Plaintiff Stephen Corey James.

    3. The Clerk of Court shall close this file.

                          /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge